JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHRISTOPHER L. MENEN

**(b)** County of Residence of First Listed Plaintiff: MONTGOMERY
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICE OF MICHAEL P. FORBES, P.C., 200 EAGLE RD., SUITE 220, WAYNE, PA 19087; 610-293-9399

## DEFENDANTS
LTD ACQUISITIONS, LLC AND TATE & KIRLIN ASSOCIATES, INC.

County of Residence of First Listed Defendant: HARRIS COUNTY, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. SECTIONS 1692-1692P
Brief description of cause:
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/31/2012
SIGNATURE OF ATTORNEY OF RECORD: Michael P Forbes /s/

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _13 Bryn Mawr Avenue, Bala Cynwyd PA 19004_

Address of Defendant: _7322 Southwest Freeway, Suite 1600, Houston, TX 77074_

Place of Accident, Incident or Transaction: _Montgomery County PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities? _N/A_    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _Fair Debt Collection Practices Act_

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Michael P Forbes_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _8/31/12_    _Michael Forbes /s/_    _55767_
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8/31/12_    _Michael Forbes /s/_    _55767_
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTOPHER L. MENEN : CIVIL ACTION
:
v. :
LTD ACQUISITIONS, LLC and :
TATE & KIRLIN ASSOCIATES, INC : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

8/31/12                Michael P. Forbes /s/           Plaintiff
**Date**               **Attorney-at-law**             **Attorney for**

610-293-9399           610-293-9388                   michael@mpforbeslaw.com
**Telephone**          **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | | |
|---|---|---|
| CHRISTOPHER L. MENEN | ) | |
| Plaintiff | ) | COMPLAINT |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| LTD ACQUISITIONS, LLC | ) | |
| and | ) | |
| TATE & KIRLIN ASSOCIATES, INC | ) | |
| Defendants | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action arises out of illegal acts and omissions of the above-named Defendants, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL"). Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 et seq (hereinafter "FCEUA"), Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, et seq (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

## III. PARTIES

4. Plaintiff Christopher L. Menen is a natural person residing at 13 Bryn Mawr Avenue, Bala Cynwyd, PA 19004, who was allegedly obligated to pay a debt ("the debt") that is the subject of this case that was primarily for family, personal or household purposes, in this case, a credit card, he was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and FCEUA, 73 P.S. § 2270.3 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

5. Defendant LTD Acquisitions, LLC ("LTD"), is a corporation with a principal office at 7322 Southwest Freeway, Suite 1600, Houston, TX 77074. LTD transacted business in the Eastern District of Pennsylvania, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through its owners, managers, officer, shareholders, attorneys, authorized representatives, partners, employees, agents and/or workmen.

6. Defendant Tate & Kirlin Associates, Inc ("Tate & Kirlin"), is a corporation with a principal office at 2810 Southampton Road, Philadelphia, PA 19154. Tate & Kirlin transacted business in the Eastern District of Pennsylvania, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through its owners, managers, officer, shareholders, attorneys, authorized representatives, partners, employees, agents and/or workmen.

7. At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

8. Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be

owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

9. At all pertinent times, Defendant Tate & Kirlin was hired by Defendant LTD and was acting on behalf of Defendant LTD to collect moneys relating to a consumer credit card that was allegedly owed by Plaintiff.

## IV. FACTUAL ALLEGATIONS

10. On June 18, 2010, Defendant LTD filed a Civil Complaint against Plaintiff in Montgomery County Magisterial District Number 38-1-07, alleging that Plaintiff owed an unpaid balance of $5,938.34 on a CHASE BANK, USA N.A. credit card with an account number ending in 6954. A true and correct copy of this Complaint is attached hereto as Exhibit "A."

11. On August 12, 2010, judgment was entered in favor of Plaintiff in the above referenced civil case. A true and correct copy of this Notice of Judgment/Transcript is attached hereto as Exhibit "B."

12. On August 26, 2010, Defendant LTD filed an Appeal of the judgment in Montgomery County Court of Common Pleas. A true and correct copy of the Notice of Appeal from District Justice Judgment is attached hereto as Exhibit "C."

13. On or about September 8, 2010, Defendant LTD filed a Civil Complaint which Plaintiff responded to by filing Preliminary Objections on or about October 4, 2010. A true and correct copy of the docket report for this case is attached hereto as Exhibit "D."

14. On or about October 6, 2010, Defendant LTD filed a Praecipe to Discontinue Action Pursuant to Pa. R.C.P. 229(a). A true and correct copy of this Praceipe is attached hereto as Exhibit "E."

15. Due to the Common Pleas case being discontinued, the judgment entered in favor of Plaintiff in Magisterial Court stands as the final judgment in this litigation.

16. In a letter to Plaintiff dated March 20, 2012, Defendant Tate & Kirlin, acting on behalf of Defendant LTD, offers to settle the same Chase Bank USA, N.A. account for $6,672.93. A true and correct copy of this letter is attached hereto as Exhibit "F."

17. In the above referenced letter, the balance allegedly owed by Plaintiff has increased by $734.59.

18. According to Exhibit B of the Complaint filed with the Court of Common Pleas, the last payment made on the CHASE BANK USA, N.A. credit card was in 2006, rendering this collection attempt well outside the statute of limitations. A true and correct copy of Defendant's Complaint is attached hereto as Exhibit "G."

19. Defendants' actions, inter alia, as aforestated are material, deceptive, false and misleading under the FDCPA in that:

    a. Defendants are attempting to collect a on a debt on which a judgment has been entered in favor of Plaintiff;

    b. Defendants are attempting to collect a debt after the statute of limitations;

    c. Defendants added interest, costs or fees to the original balance owed, despite a judgment being entered in favor of Plaintiff.

## V. COUNT I
## CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et. seq.

20. Plaintiff incorporates by reference paragraph 1 through 19 of this Complaint as though fully set forth herein.

21. Defendants' actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

 (a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in violation of;

 (b) Defendants violated 15 U.S.C. § 1692e by using any false, deceptive, or misleading representation or means in connection with the debt collection;

 (c) Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, or legal status of the alleged debt;

 (d) Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken;

 (e) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

 (f) Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

22. As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

23. As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

24. Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

25. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## **CLAIMS FOR RELIEF**

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

28. As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christopher L. Menen, prays that judgment be entered against each and every Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. 201-1 et. seq. ("FCEU"). Defendants are debt collectorx pursuant to 73 Pa.C.S. § 2270.3.

31. The alleged debt Defendants were attempting to collect is a "debt" as defined by 73 Pa.C.S. § 2270.3.

32. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

33. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

34. Violation of the FDCPA is a per se violation of the FCEUA.

35. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christopher L. Menen, prays that judgment be entered against each and every Defendant for the following:

(1) An Order declaring that Defendants violated the FCEU;

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

### COUNT III

### VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW

### ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

36. Plaintiffs incorporate by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. Plaintiff and Defendants are "Person(s)" pursuant to 73 Pa. C.S §201-2.

38. The UTCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" wither at, prior to, or subsequent to a consumer transaction.

39. The actions of Defendants, as aforesaid, constitute unfair or deceptive acts and practices under the UTCPL, by way of the following, inter alia:

    a. Defendants misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding pursuant to 73 Pa. C.S §201-3.1.

    b. Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding pursuant to 73 Pa. C.S §201-2(xxi).

    c. Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

40. As a direct and proximate result of Defendants' actions as aforestated, Plaintiff has suffered financial damages and harm.

41. By virtue of the Defendants' violations of law as aforestated, and pursuant to the FCEUA and UTCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christopher L. Menen, prays that judgment be entered against each and every Defendant for the following:

    (1) An Order declaring that Defendants violated the UTCPL

    (2) Actual damages;

    (3) Treble damages;

(4)   Reasonable attorney's fees and costs;

(5)   Such other and further relief that the Court deems just and proper.

## VI. TRIAL BY JURY

42.   Plaintiff incorporates by reference paragraph 1 through 41 of this Complaint as though fully set forth herein.

43.   Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com